**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| JENNIFER SHERROUSE ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| GREATER ATLANTA ) | |
| BROKERAGE SOLUTIONS, LLC ) | CIVIL ACTION NO. |
| d.b.a. RE/MAX GREATER ) | |
| ATLANTA ) | _____ |
| Defendant. ) | |

_____

**COMPLAINT**
_____

COMES NOW, Plaintiff Jennifer Sherrouse, who states her claims against Greater Atlanta Brokerage Solutions, LLC, d.b.a. RE/MAX Greater Atlanta ["RE/MAX Greater Atlanta"], as follows:

<u>JURISDICTION AND VENUE</u>

1.

This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* and the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et seq.* This Court is vested with subject matter jurisdiction

pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338 (copyright jurisdiction), and 1367 (supplemental jurisdiction).

2.

This Court has personal jurisdiction over Defendant RE/MAX Greater Atlanta by virtue of its corporate presence in this District and its transacting, doing, and soliciting business in this District.

3.

Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1-2) and (c) and 1400(a).

THE PARTIES TO THIS COMPLAINT

4.

Plaintiff Jennifer Sherrouse ["Sherrouse"] is an individual who resides, and at all times herein mentioned did reside, in Atlanta, Georgia.

5.

RE/MAX Greater Atlanta is a limited liability company registered to do business in Georgia with headquarters located at 5591 Chamblee Dunwoody Road, Dunwoody, Georgia 30338. RE/MAX Greater Atlanta is a licensed real estate brokerage in the business of selling real estate in Atlanta, Georgia.

6.

RE/MAX Greater Atlanta may be served through its registered agent, John J. Scroggin, at 647 Mimosa Boulevard, Roswell, Georgia 30075.

OPERATIVE FACTS

7.

Sherrouse is a real estate salesperson duly licensed in the State of Georgia since 1994.

8.

On August 31, 2007, Sherrouse was selected by the owners of a property located at 3047 Lenox Road, #1106, Atlanta, Georgia 30324-2815 ["Residence 1106"] to represent them and list the property for sale through the real estate brokerage with which Sherrouse was affiliated. That same day, the property listing was added to First Multiple Listing Service ["FMLS"]. FMLS assigned this listing the unique number 3559654 and showed Sherrouse as the listing agent.

9.

On September 1, 2007, Sherrouse took photographs of Residence 1106 and the common areas of 3047 Lenox Road.

10.

As is her standard practice, Sherrouse embedded a visible digital watermark bearing the unique FMLS number assigned to her listing, "FMLS #3559654," on each of her photographs before she uploaded them to FMLS.

11.

Subsequently, Sherrouse also added the listing of Residence 1106 to her personal website, http://www.jennifersherrouse.com, and additional real estate advertising websites. As is her standard practice, Sherrouse embedded a visible digital watermark "www.jennifersherrouse.com" on each of her photographs before she uploaded them to sites other than FMLS for her marketing of Residence 1106.

12.

On March 1, 2008, Sherrouse re-listed Residence 1106 with FMLS. FMLS assigned the listing for Residence 1106 the unique number 3663980, showing Sherrouse to be the listing agent.

13.

That day, Sherrouse embedded different visible digital watermarks of "FMLS #3663980" on her photographs that she had taken on September 1, 2007.

14.

On or about March 1, 2008, Sherrouse uploaded the photographs to FMLS for listing number 3663980, which included her photograph of the gym at 3047 Lenox Road bearing a watermark of "FMLS #3663980" and her photograph of the clubhouse at 3047 Lenox Road bearing a watermark of "FMLS #3559564" [collectively, the "Photographs," as shown in Exhibit "A"].

15.

On March 12, 2008, RE/MAX Greater Atlanta listed a property for sale at 3047 Lenox Road #1104, Atlanta, Georgia 30324-2815 ["Residence 1104"] on FMLS, which was assigned listing number 3670892. RE/MAX Greater Atlanta also added the Residence 1104 property listing to Georgia Multiple Listing Service ["GAMLS"], which was assigned listing number 2398070.

16.

On information and belief, RE/MAX Greater Atlanta made copies of Sherrouse's Photographs from FMLS and digitally removed Sherrouse's watermarks from each of the Photographs.

17.

On information and belief, RE/MAX Greater Atlanta uploaded the Photographs without Sherrouse's watermarks to FMLS and GAMLS for its listing for Residence 1104 [as shown in Exhibit "B"].

18.

As part of its listings on FMLS and GAMLS for Residence 1104, RE/MAX Greater Atlanta reproduced, prepared derivative works of, displayed, and distributed copies of the Photographs after removing the watermarks.

19.

By uploading and posting the Photographs on FMLS and GAMLS, RE/MAX Greater Atlanta represented that it owned and/or had authorization to use the Photographs to promote its property listing for Residence 1104.

20.

FMLS and GAMLS then distributed and/or syndicated RE/MAX Greater Atlanta's listing for Residence 1104 (including the Photographs without watermarks) to other FMLS and GAMLS members' websites and other internet real estate property listing and advertising websites.

21.

RE/MAX Greater Atlanta also advertised its listing for Residence 1104 on its corporate website at http://donlatham.atlantarealestate.net using Sherrouse's Photographs after removing the watermarks.

22.

On March 12, 2008, Sherrouse notified FMLS that her Photographs were being used without her authorization by RE/MAX Greater Atlanta for its listing of Residence 1104. FMLS sent Sherrouse email confirmation on March 13, 2008 that they removed the photos from the RE/MAX Greater Atlanta listing. On information and belief, that same day RE/MAX Greater Atlanta received an email from FMLS regarding the Photographs' removal.

23.

On March 17, 2008, Sherrouse's managing broker notified RE/MAX Greater Atlanta on Sherrouse's behalf that the Photographs were being used without her authorization and that RE/MAX Greater Atlanta must stop using them.

24.

On March 24 and April 14, 2008, Sherrouse notified GAMLS that the photographs were being used without her authorization by RE/MAX Greater

Atlanta for its property listing advertising of GAMLS #2398070. Sherrouse demanded that her Photographs be removed.

25.

On April 17, 2008, Sherrouse's managing broker notified GAMLS on her behalf that the Photographs were being used without her authorization and that the Photographs must be removed from the RE/MAX Greater Atlanta listing GAMLS #2398070.

26.

The Photographs remained on GAMLS until April 18, 2008.

27.

Sherrouse is and always has been the sole proprietor of all rights, title, and interest in and to the copyrights in the Photographs.  Sherrouse is the author of the Photographs, and is the owner of the copyrights therein pursuant to 17 U.S.C. § 201.

28.

Sherrouse complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 et seq., as amended, and all other laws and regulations governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights for the Photographs.  The Register of Copyrights for the U.S. Copyright

Office issued Sherrouse a Certificate of Copyright Registration for the Photographs, number VA 1-748-087, effective April 23, 2008.

FIRST CAUSE OF ACTION

Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

29.

Sherrouse re-alleges and incorporates by reference paragraphs 1 through 28 above.

30.

RE/MAX Greater Atlanta had access to the Photographs through Sherrouse's postings of the Photographs in FMLS listings 3559564 and 3663980, through her website http://www.jennifersherrouse.com, and through her other advertisements for the sale of Residence 1106 on other real estate advertising websites.

31.

RE/MAX Greater Atlanta did not have authorization to reproduce, distribute, display, or create derivative works of the Photographs for its marketing and advertising for the sale of Residence 1104.

32.

RE/MAX Greater Atlanta violated Sherrouse's exclusive rights granted in 17 U.S.C. § 106, specifically her exclusive right to (1) reproduce the copyrighted work in copies; (2) prepare derivative works based on the copyright work; (3) to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (4) to display the copyrighted work publicly.

33.

As RE/MAX Greater Atlanta first used the Photographs without authorization on March 12, 2008, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

34.

As a direct and proximate result of its wrongful conduct, RE/MAX Greater Atlanta has realized and continues to realize profits and other benefits rightfully belonging to Sherrouse for the Photographs. Accordingly, Sherrouse is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b)

## SECOND CAUSE OF ACTION

Removal of Copyright Management Information – 17 U.S.C. §§ 1201 *et seq.*

35.

Sherrouse re-alleges and incorporates by reference paragraphs 1 through 28 above.

36.

The watermarks on the Photographs are identifying numbers referring to information or links to such information about the copyright owner, constituting copyright management information pursuant to 17 U.S.C. § 1202(c)(7).

37.

Defendant, without the authority of Sherrouse or the law, intentionally removed copyright management information from the Photographs and distributed copies of the Photographs knowing that copyright management information had been removed, knowing or having reasonable grounds to know that such removal would induce, enable, facilitate, or conceal a copyright infringement.

38.

As a direct and proximate result of each of RE/MAX Greater Atlanta's 1202(b) violations, Sherrouse has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

39.

Specifically, Sherrouse is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorney's fees pursuant to 17 U.S.C. § 1203(b)(4-5).

THIRD CAUSE OF ACTION

Unfair Competition – O.C.G.A. §§ 10-1-370 *et seq.*

40.

Sherrouse re-alleges and incorporates by reference paragraphs 1 through 28 above.

41.

RE/MAX Greater Atlanta's use of the Photographs without Sherrouse's watermarks in the marketing of Property 1104 was likely to confuse potential buyers and sellers as to whether Sherrouse or RE/MAX Greater Atlanta was responsible for the creation of the Photographs.

42.

The aforesaid acts and conduct of RE/MAX Greater Atlanta constitutes, and unless enjoined will continue to constitute, unfair competition and unfair trade

practices against Sherrouse in violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

43.

Sherrouse has suffered damages as a result of RE/MAX Greater Atlanta's unlawful acts and, unless RE/MAX Greater Atlanta is restrained and enjoined, will continue to suffer immediate and irreparable harm and Sherrouse is without an adequate remedy at law.

44.

RE/MAX Greater Atlanta's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

45.

Sherrouse is entitled to and seeks damages pursuant to O.C.G.A. §§ 10-1-373(c) , 51-12-2, and 51-12-3; punitive damages pursuant to O.C.G.A. §§ 10-1-373(c) and 51-12-5.1; and costs of litigation and attorney's fees pursuant to O.C.G.A. § 10-1-373(b)(2).

PRAYER FOR RELIEF

WHEREFORE, Sherrouse prays for judgment from this Honorable Court as follows:

1. that RE/MAX Greater Atlanta's unauthorized conduct violates Sherrouse's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2. that RE/MAX Greater Atlanta be required to account to Sherrouse for all gains, profits, and advantages derived through the unauthorized use of the Photographs;

3. that RE/MAX Greater Atlanta be required to pay Sherrouse all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the infringements of the Photographs;

4. that RE/MAX Greater Atlanta be required to pay Sherrouse all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 1203(c)(2) (with interest thereon at the highest legal rate) for the unauthorized removal of copyright information;

5. in the alternative, if Sherrouse so elects, that RE/MAX Greater Atlanta be required to pay Sherrouse maximum statutory damages in

        the amount of $25,000 for each unauthorized removal of copyright management information pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203(c)(3)(B);

6. that RE/MAX Greater Atlanta be required to pay Sherrouse her costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 1203(b)(4-5);

7. that RE/MAX Greater Atlanta's activities have violated Georgia's Uniform and Deceptive Trade Practices Act at O.C.G.A. §§ 10-1-370, *et seq.*;

8. that RE/MAX Greater Atlanta be required to pay Sherrouse damages pursuant to O.C.G.A. §§ 10-1-373(c) , 51-12-2, and 51-12-3;

9. that RE/MAX Greater Atlanta be required to pay Sherrouse punitive damages pursuant to pursuant to O.C.G.A. §§ 10-1-373(c) and 51-12-5.1;

10. that RE/MAX Greater Atlanta be required to pay Sherrouse her costs of litigation and reasonable attorney's fees in this action, pursuant to O.C.G.A. § 10-1-373(b)(2);

11. that RE/MAX Greater Atlanta be subject to preliminary and permanent injunctions providing that it shall deliver to Sherrouse all copies of the Photographs, and all other materials containing such infringing copies in RE/MAX Greater Atlanta's possession, custody or control, for destruction;

12. that RE/MAX Greater Atlanta, its agents, and servants be enjoined during the pendency of this action, and permanently, from infringing the copyrights of Sherrouse in any manner and from selling, publishing, marketing or otherwise using any copies of the Photographs, including any and all digital or electronic copies of the Photographs; and

13. for such other and further relief as this Honorable Court deems just and equitable.

**Sherrouse demands a jury trial on all of the foregoing counts.**

This 11th day of March, 2011.

                          Respectfully submitted,

                          **LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

                          s/ Evan A. Andersen
                          _____
                          EVAN A. ANDERSEN
                          Georgia Bar No. 377422
                          CAROLYN E. WRIGHT
                          Georgia Bar No. 777718

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-588-5961 (facsimile)
eandersen@cewrightlaw.com
cewright@cewrightlaw.com

*Counsel for Plaintiff Jennifer Sherrouse*

**CERTIFICATION OF SIZE AND FONT**

Counsel for Plaintiff Sherrouse hereby certifies, as required by LR 7.1(D), that this document and its exhibits have been prepared with Times New Roman 14-point font, one of the font and point selections approved by the court in LR 5.1(C).

This 11th day of March, 2011.

Respectfully submitted,

**LAW OFFICE OF
CAROLYN E. WRIGHT, LLC**


s/ Evan A. Andersen
_____
EVAN A. ANDERSEN
Georgia Bar No. 377422
CAROLYN E. WRIGHT
Georgia Bar No. 777718

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-588-5961 (facsimile)
eandersen@cewrightlaw.com
cewright@cewrightlaw.com

*Counsel for Plaintiff Jennifer Sherrouse*